**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Antonio Long, Appellant.

Appellate Case No. 2023-001337

———————————

Appeal From Horry County
Maite Murphy, Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-330
Submitted June 1, 2026 – Filed July 1, 2026

———————————

**AFFIRMED**

———————————

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Brian Hollis Gibbs, and Solicitor Byron E. Gipson, all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

———————————

**PER CURIAM:** Antonio Long appeals his convictions for voluntary manslaughter, first-degree criminal sexual conduct (CSC), and kidnapping, and consecutive sentences of thirty-years' imprisonment for each conviction. On

appeal, Long argues the trial court abused its discretion by admitting crime scene photographs of Kevonta Hills's and Marlene Haywood's (collectively, Victims') faces pursuant to Rule 403 of South Carolina Rules of Evidence, and denying his motion to sever the murder charges from the CSC and kidnapping charges. We affirm pursuant to Rule 220(b), SCACR.

1. We hold Long's argument regarding the admission of State's Exhibits 18 and 22 is not preserved for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("[F]or an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *State v. Wood*, 362 S.C. 520, 526, 608 S.E.2d 435, 438 (Ct. App. 2004) (explaining a motion *in limine* does not preserve an issue for appellate review, and "the moving party must make a contemporaneous objection when the evidence is introduced"). The day prior to their admission, Long objected to State's Exhibits 18 and 22 when discussing the State's use of these exhibits in conjunction with the State examining a crime scene investigator the following day. However, when the State moved to introduce and publish State's Exhibits 18 and 22 to the jury, the State informed the trial court that Long consented to the admission of State's Exhibits 18 and 22, Long did not object, and the court admitted the exhibits into evidence. Then following additional testimony, the trial court asked Long if he had objections to any of the State's exhibits, and Long replied his only objection was to Exhibit 22. Because Long indicated he had no objections when the exhibits were admitted into evidence, any issue with regard to State's Exhibits 18 and 22 was waived. *See Burke v. AnMed Health*, 393 S.C. 48, 55, 710 S.E.2d 84, 88 (Ct. App. 2011) ("When a party states to the trial court that it has no objection to the introduction of evidence, even though the party previously made a motion to exclude the evidence, the issue raised in the previous motion is not preserved for appellate review."); *State v. Dicapua*, 373 S.C. 452, 455, 646 S.E.2d 150, 152 (Ct. App. 2007) (holding the defendant waived "any issue" relating to the video evidence after defense counsel stated he had "no objection" to its admission), *aff'd*, 383 S.C. 394, 680 S.E.2d 292 (2009).

2. We hold the trial court did not abuse its discretion by denying Long's motion for severance because the offenses met the requirements for consolidation. *See State v. Rice*, 368 S.C. 610, 613, 629 S.E.2d 393, 395 (Ct. App. 2006) ("An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law."); *State v. Tucker*, 324 S.C. 155, 164, 478 S.E.2d 260, 265 (1996) (stating charges may be tried together when they "(1) arise out of a single chain of circumstances, (2) are proved by the same evidence, (3) are of the same general nature, and (4) no real right of the defendant has been prejudiced").

First, evidence showed that the charges arose out of a single chain of circumstances because Haywood's minor child testified that Long touched her inappropriately, displayed a firearm after she objected, she informed Hills about the incident, Hills confronted Long, the shootings occurred, and thereafter Long sexually assaulted her at gunpoint and forced her to accompany him to North Carolina. *See id.* (stating the first element for charges to be tried together is when they "arise out of a single chain of circumstances"). Second, the charges were proved by the same evidence because crime scene evidence, firearm evidence, DNA evidence, and the minor's testimony—as both the victim of the CSC and kidnapping charges and the primary eyewitness to the shootings—were relevant to all of the charges. *See id.* (stating the second element for charges to be tried together is when they "are proved by the same evidence"). Third, the charges were of the same general nature because they were interconnected and stemmed from the same criminal episode. *See id.* (stating the third element for charges to be tried together is when they "are of the same general nature"); *Rice*, 368 S.C. at 614, 629 S.E.2d at 395 ("Offenses are considered to be of the same general nature where they are interconnected."). Finally, Long failed to demonstrate prejudice because the evidence related to sexual assault and kidnapping was necessary for a full presentation of the murder charges: the State argued the evidence showed Long's inappropriate conduct toward the minor precipitated the confrontation with the Victims, which then led to the shootings, sexual assault, and kidnapping; and the minor's testimony confirmed this sequence of events. *See Tucker*, 324 S.C. at 164, 478 S.E.2d at 265 (stating the fourth element for charges to be tried together is when "no real right of the defendant has been prejudiced"); *id.* ("A motion for severance is addressed to the trial court and should not be disturbed unless an abuse of discretion is shown.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURITS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.